COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DAVID JOSE VEGA,                                           )

                                                                              )              
No.  08-03-00024-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
265th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0252147-LR)

                                                                              )

 

 

O
P I N I O N

 

David Jose Vega
appeals his conviction for the offense of aggravated robbery with a deadly
weapon.  A jury found him guilty and
punishment was assessed at 30 years=
imprisonment by the court.  He raises two
issues on appeal:  that the evidence is
legally and factually insufficient to sustain his conviction in that it failed
to prove beyond a reasonable doubt that Appellant used or exhibited a deadly
weapon.  We affirm.








On June 21, 2002,
Anita Perez was robbed while working at the City Public Service Electric.  She was alone in the office between 10 and
10:30 in the morning when somebody knocked on the door.  She looked out the window and saw a man
standing outside with his back to her. 
Thinking he was a company employee, she opened the door and asked what
he was doing.  At first, she could not see
his face because he was looking down, going through a Guess paper shopping bag.  When he looked up, she saw that his face was
masked with a black bandana, and she began to scream and tried to push the door
closed.  He pushed back on the door, and
at some point in the struggle, pulled something out of the bag and told her to AShut up and stop screaming.@ 
Mrs. Perez testified that he pulled a silver and black handgun out of
the bag.

The robber pushed
Mrs. Perez away from the door, entered the office, and locked the door behind
him.  He told her to lay flat on the
floor and warned her not to look up or he would shoot her.  He tied her hands and ankles together and
asked her where the company checks were located.  She told him they were no longer kept in the
office, and were with her boss.  He
looked around the office for the checks for several minutes, and when he was
satisfied that they were not there, he decided to take her purse containing her
personal checks, her husband=s
personal checks, and her credit cards instead. 
She told him, she banked at Compass Bank several minutes away.

At that point,
Mrs. Perez=s sister
arrived at the office and began knocking on the door and calling to her.  Appellant picked up Mrs. Perez and moved her
to a back room, paced nervously for a little while, then ran out the back
door.  Mrs. Perez managed to free herself
and opened the door for her sister but not before the sister saw Appellant
running away around the side of the building. 
She then called the police to report the robbery, and called the bank to
warn them that Appellant might try to cash a check with her account.  








Several hours
later, Appellant went in the Compass Bank and tried to cash one of the stolen
checks with Candace Korinek, a senior teller. 
She noticed immediately that he was acting strangely, and that there was
something wrong with the check.  She
described him as being Akind
of fidgety with his hand@
and noticed that he would not make eye contact with her.  There were inconsistencies between the number
and written amounts on the check, and other things on the check were
misspelled.  She went into a back room
and spoke with her manager who informed her of the phone call the bank had
received several hours before from Mrs. Perez. 
The bank contacted Mrs. Perez and the police, and stalled Appellant in
the lobby.  

Officer Julie
Williams approached Appellant in the lobby of the bank, placed handcuffs on
him, and walked him toward her car.  He
broke free and ran from Officer Williams who followed him in her car and
eventually took him into custody again. 
She collected the check and the false identification he had given the
bank and sent someone to pick up Mrs. Perez so she could identify
Appellant.  Mrs. Perez made a positive
identification, and Appellant was fingerprinted and arrested.

STANDARD
OF REVIEW








In reviewing the
legal sufficiency of the evidence, the court must consider all the evidence,
state and defense, in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979).  This standard gives deference to
the trier of fact to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic to ultimate facts.  Jackson, 443 U.S. at 319, 99 S.Ct. At
2789.  We do not resolve any conflict of
fact or assign credibility to the witnesses, as it was the function of the
trier of fact to do so.  Adelman v.
State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier of fact are rational by
viewing all of the evidence admitted at trial in a light most favorable to the
verdict.  Adelman, 828 S.W.2d at
421-22.  As such, any inconsistencies in
the evidence are resolved in favor of the verdict.  Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991).

In reviewing the
factual sufficiency of the evidence, we must consider all the evidence, but we
do not view it in the light most favorable to the verdict.  Clewis v. State, 922 S.W.2d 126, 129
(Tex.Crim.App. 1996).  Instead, we review
the evidence weighed by the fact finder that tends to prove the existence of
the elemental fact in dispute and compare it with the evidence that tends to
disprove the fact.  Johnson v. State,
23 S.W.3d 1, 7 (Tex.Crim.App. 2000).  A
defendant may raise a factual sufficiency challenge in one of two ways.  He may allege the evidence is so weak as to
be clearly wrong or manifestly unjust or, in a case where the defendant has
offered contrary evidence, he may argue that the finding of guilt is against
the great weight of the evidence.  Johnson,
23 S.W.3d at 11.  We are not free to
reweigh the evidence and set aside the verdict merely because we feel that a
different result is more reasonable.  Cain
v. State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).  What weight to give contradictory testimonial
evidence is within the sole province of the jury because it turns on an
evaluation of credibility and demeanor.  Id.

Appellant does not
dispute that he committed a robbery by stealing the checks from Mrs. Perez
and threatening her with serious bodily injury. 
He contends merely that the State failed to prove beyond a reasonable
doubt that he used or exhibited a deadly weapon, and thus the evidence was
legally and factually insufficient to convict him of aggravated robbery.








In reviewing the
record, we find the following evidence relevant to a legal sufficiency
review.  The victim testified that she
saw Appellant pull a gun out from the paper bag.  She testified that it was silver and black,
and that Appellant repeatedly threatened her, suggesting that if she did not do
as he said, he would shoot her.  When
asked to identify the type of weapon to a police officer, the victim described
the gun as a semi-automatic weapon Alike
the police carry@ as
opposed to a pistol used in Western movies. 
The victim repeatedly insisted that she saw a handgun in relaying her
story to the police on the phone, to her sister, to the police officer who
responded to her call, and in court. 
Police found a bullet in the bag Appellant left at the scene.  Finally, approximately two hours passed between
the time the victim called the police, and the time that Appellant arrived at
Compass Bank to cash a check.  

Appellant argues
essentially that Mrs. Perez=s
testimony lacked detail, and was insufficient without more support to warrant
the verdict.  However, the trier of fact
was free to accept or reject any portion of the witness=s
testimony, and could have rejected Mrs. Perez=s
assertion that Appellant used a gun.  See
Adelman v. State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992).  Further, Texas law insists that direct
testimony of a fact is always legally sufficient to support a finding of that
fact.  See Goodman v. State, 66
S.W.3d 283, 286 (Tex.Crim.App. 2001). 
The Goodman case offers a hypothetical example.  A witness testifies, AI
saw the defendant put the baggie of cocaine down on the sidewalk.@ 
The jury is free to accept or reject the witness=s
testimony, but if the jury believes him, then the witness=s testimony conclusively proves that
specific point.  Id.  In the instant case, Mrs. Perez testified
that she saw Appellant pull a gun out of his bag.  The jury believed her, and the point was
therefore conclusively proven.  Viewing
this evidence in a light favorable to the verdict, a rational jury could
reasonably have concluded that Appellant exhibited a firearm during the
commission of the robbery.  We overrule
Issue One.








In evaluating the
factual sufficiency of the evidence, we must weigh all the evidence balancing
that which supports the verdict with that which contradicts it.  In this case, however, Appellant offered no
evidence to contradict Mrs. Perez=s
claim.  Mrs. Perez insisted that
Appellant exhibited a gun and she repeated this in her testimony before the
jury.  Appellant argues several points
claiming to rebut this testimony.  First,
he alleges that she could not adequately describe the gun.  He points out further that she did not see
the gun again after the initial brief sighting, that no other witnesses
observed Appellant with the weapon, and that no gun was ever found.  However, none of this evidence directly
contradicts Mrs. Perez=s
assertion that he pulled a gun from the bag immediately before entering the
building.

The evidence also
offers rational explanations for each of the assertions Appellant makes.  Mrs. Perez testified that she did not look up
from her position face-down on the floor after he threatened to shoot her if
she did.  This would account for her not
seeing the gun again during the commission of the offense.  The fact that no other witnesses saw him with
a gun, and that no gun was found does not contradict her assertion.  Mrs. Perez=s
sister testified that she could not see his hands as he was running from the
scene, so she did not know whether he was carrying a gun or not.  She certainly did not rule out the
possibility that he could have been carrying a gun at the time.  It is true that he displayed no weapon at
Compass Bank and none was ever recovered. 
However, he had ample time and opportunity to discard the gun in the two
hours between the robbery and his appearance at the bank, so these facts are
not conclusive.  








Given all the
evidence, a rational jury could have concluded that Appellant exhibited a gun
beyond a reasonable doubt.  A verdict is
not manifestly unjust merely because the jury resolved conflicting views of the
evidence in favor of the state.  Cain,
958 S.W.2d at 410.  Absent contradictory
evidence, the jury was free to infer from Mrs. Perez=s
testimony that a gun was exhibited during the robbery.  The evidence to support the jury=s finding that Appellant used a deadly
weapon is not so weak as to be clearly wrong or manifestly unjust, nor is it
contrary to the overwhelming weight of the evidence.  Issue Two is overruled.

The trial court=s judgment is affirmed.

 

 

July
22, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)